No. 20-30304

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

JESSIE CRITTINDON; LEON BURSE; EDDIE COPELIN;
PHILLIP DOMINICK, III; DONALD GUIDRY,

*Plaintiffs-Appellees*

v.

JAMES LEBLANC; PERRY STAGG; ANGELA GRIFFIN

*Defendants-Appellants*

On Appeal from the United States District Court
For the Middle District of Louisiana
No. 3:17-cv-512-SDD-EWD c/w No. 3:17-cv-602-BAJ-EWD
Chief Judge Shelly D. Dick

**PLAINTIFFS-APPELLEES' RESPONSE TO
DEFENDANTS-APPELLANTS' PETITION FOR EN BANC REHEARING**

EMILY WASHINGTON
JAMES CRAIG
Roderick & Solange MacArthur Justice Center
4000 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Facsimile: (504) 208-3133

*Counsel for Plaintiffs-Appellees*

July 15, 2022

No. 20-30304

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

JESSIE CRITTINDON; LEON BURSE; EDDIE COPELIN;
PHILLIP DOMINICK, III; DONALD GUIDRY,

*Plaintiffs-Appellees*

v.

JAMES LEBLANC; PERRY STAGG; ANGELA GRIFFIN

*Defendants-Appellants*

On Appeal from the United States District Court
For the Middle District of Louisiana
No. 3:17-cv-512-SDD-EWD c/w No. 3:17-cv-602-BAJ-EWD
Chief Judge Shelly D. Dick

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Honorable Court may evaluate possible disqualification or recusal.

Plaintiffs-Appellees:

1. Jessie Crittindon

2. Leon Burse

3. Eddie Copelin

4. Phillip Dominick, III

5. Donald Guidry

Counsel for Plaintiffs-Appellees:

6. Emily M. Washington, Roderick and Solange MacArthur Justice Center

7. James W. Craig, Roderick and Solange MacArthur Justice Center

Terminated Counsel for Plaintiffs-Appellees:

8. Katharine M. Schwartzmann, Tulane University School of Law

Defendants-Appellants:

9. James LeBlanc, Secretary, Louisiana Dept. of Public Safety and Corrections

10. Perry Stagg, Former Assistant Deputy Secretary for Adult Services, DPSC

11. Angela Griffin, Administrative Program Director for Adult Services, Department of Pre-Classification, DPSC

Counsel for Defendants-Appellants:

12. André C. Castaing, Assistant Attorney General

13. Phyllis Esther Glazer, Assistant Attorney General

14. James Garrison Evans, Assistant Attorney General

Non-Parties, Orleans Parish Sheriff's Office Defendants in Consolidated Cases:

    15. Marlin Gusman, Sheriff of Orleans Parish, Louisiana

    16. Corey Amacker, Deputy, Orleans Parish Sheriff's Office

Counsel for Orleans Parish Sheriff's Office Defendants in Consolidated Cases:

    17. Blake J. Arcuri, General Counsel, Orleans Parish Sheriff's Office

    18. Freeman Rudolph Matthews

    19. James M. Williams, Chehardy, Sherman, Williams

    20. Inemesit U. O' Boyle, Chehardy, Sherman, Williams

    21. Patrick R. Follette, Chehardy, Sherman, Williams

Non-Parties, East Carroll Parish Sheriff's Office Defendants in Consolidated Cases:

    22. Wydette Williams, Sheriff of East Carroll Parish, Louisiana

    23. Johnny Hedgemon, East Carroll Parish Sheriff's Office

    24. Edward Knight, East Carroll Parish Sheriff's Office

Counsel for East Carroll Parish Sheriff's Office Defendants in Consolidated Cases:

    25. Ronald Shane Bryant, Usry, Weeks & Matthews

    26. Timothy R. Richardson, Usry, Weeks & Matthews

Non-Party, Dismissed Defendant in Consolidated Cases:

    27. Gary Maynard, Independent Jail Compliance Director

Counsel for Non-Party, Gary Maynard:

    28. Richard C. Stanley, Stanley, Reuter, Ross, Thornton & Alford, LLC

29. Matthew James Paul, Stanley, Reuter, Ross, Thornton & Alford, LLC

30. M. Rebecca Cooper, The Kullman Firm

Respectfully submitted,

*/s/ Emily Washington*
EMILY WASHINGTON
*Counsel for Plaintiffs-Appellees*

# TABLE OF CONTENTS

Certificate of Interested Persons ................................................................i

Table of Contents ..........................................................................................v

Table of Authorities ....................................................................................vi

Statement of the Issues Presented ...........................................................1

Statement of the Case..................................................................................3

    I.     Factual History .................................................................3

          a.  Plaintiffs-Appellees.................................................3

          b.  Defendants-Appellants ...........................................3

    II.    Procedural History...........................................................5

Argument........................................................................................................6

    I.     Standard of Review .........................................................6

    II.    This Court recognizes that 42 U.S.C. § 1983 is the proper vehicle by which a plaintiff brings a claim for damages on a theory of false imprisonment........................................................................6

    III.   The Panel's recognition that a defendant forfeits a defense he failed to advance on interlocutory appeal is consistent with this Court's prior decisions, and is not a question of exceptional importance .................8

    IV.  The Panel's determination that Heck does not bar Plaintiffs' claims is consistent with this Court's prior decisions, and is not a question of exceptional importance .......................................................9

    V.    The Panel's denial of qualified immunity to each Defendant is consistent with this Court's prior decisions, and is not a question of exceptional importance ...................................................13

Conclusion ...................................................................................................17

Certificate of Service .................................................................................18

Certificate of Compliance .........................................................................18

## TABLE OF AUTHORITIES

**Cases**

Ball v. LeBlanc, 792 F.3d 584 (5th Cir. 2015) ........................................................16

Ballard v. Burton, 444 F.3d 391 (5th Cir. 2006) ....................................................10

Bourne v. Gunnels, 921 F.3d 484 (5th Cir. 2019) ...............................................9, 10

Bryan v. Jones, 530 F.2d 1210 (5th Cir. 1976)........................................................7

Bush v. Strain, 513 F.3d 492 (5th Cir. 2008)..........................................................10

Cole v. Carson, 935 F.3d 444 (5th Cir. 2019) .....................................................6, 13

Colvin v. LeBlanc, 2 F.4th 494 (5th Cir. 2021)........................................................11

Crittindon v. LeBlanc, 37 F.4th 177 (5th Cir. 2022) ..................................... passim

Douthit v. Jones, 619 F.2d 527 (5th Cir. 1980) .......................................... 7, 14, 16

Edwards v. Balisok, 520 U.S. 641 (1997) ......................................................... 11, 12

Fleming v. Tunica Cty., Miss., 497 Fed.Appx. 381 (5th Cir. 2012) ......................7

Hanna v. Maxwell, 548 Fed.Appx. 192 (5th Cir. 2013).........................................10

Harris v. Clay County, No. 21-60456, 2022 WL 2662099 (5th Cir. July 11, 2022)...

.....................................................................................................................6, 7

Heck v. Humphrey, 512 U.S. 477 (1994) ......................................................... passim

Hicks v. LeBlanc, 832 Fed.Appx. 836 (5th Cir. 2020).............................................7

Humphries v. Various Fed. USINS Emps., 164 F.3d 936 (5th Cir. 1999)..............10

Kaswatuka v. U.S. Dept. of Homeland Sec., 7 F.4th 327 (5th Cir. 2021) ...............6

Magee v. Reed, 912 F.3d 820 (5th Cir. 2019) ........................................................12

Maleng v. Cook, 490 U.S. 488 (1989)......................................................................6

Muhammad v. Close, 540 U.S. 749 (2004) .................................................. 9, 10, 12

Nance v. Ward, 142 S.Ct. 2214 (2022)....................................................................11

Nelson v. Campbell, 541 U.S. 637 (2004)...............................................................10

Polzin v. Gage, 636 F.3d 834 (7th Cir. 2011)...........................................................8

Poole v. City of Shreveport, 13 F.4th 420 (5th Cir. 2021) ....................................8, 9

Porter v. Epps, 659 F.3d 440 (5th Cir. 2011)......................................................7, 13

Preiser v. Rodriguez, 411 U.S. 475 (1973) ................................................................11

Randell v. Johnson, 227 F.3d 300 (5th Cir. 2000)....................................................11

Sappington v. Bartee, 195 F.3d 234 (5th Cir. 1999)....................................................9

Scribner v. Dillard, 141 Fed.Appx. 240 (5th Cir. 2005)............................................8

Skinner v. Switzer, 562 U.S. 521 (2011) ...................................................................10

Smith v. Hood, 900 F.3d 180 (5th Cir. 2018) ...........................................................10

Topa v. Melendez, 739 Fed.Appx. 516 (11th Cir. 2018)............................................8

Traweek v. LeBlanc, No. 21-30096, 2022 WL 2315444 (5th Cir. June 28, 2022)...7

United States v. Sineneng-Smith, 140 S.Ct. 1575 (2020) ..........................................8

Valentine v. Collier, 993 F.3d 270 (5th Cir. 2021)....................................................16

Wells v. Bonner, 45 F.3d 90 (5th Cir. 1995) ..............................................................9

Whirl v. Kern, 407 F.2d 781 (5th Cir. 1968) .........................................................7, 14

Wilkinson v. Dotson, 544 U.S. 74 (2005) ........................................................ 11, 12

Wolff v. McDonnell, 418 U.S. 539 (1974).................................................................12

## Statutes

42 U.S.C. § 1983 ................................................................................... passim

La. Rev. Stat. § 15:566.2 ............................................................................3

La. Rev. Stat. § 15:824(A) ..........................................................................3

## Rules

Fed. R. App. P. 35(a) ...........................................................................6, 17

## STATEMENT OF THE ISSUES PRESENTED

Defendants-Appellants LeBlanc, Stagg, and Griffin imprisoned Plaintiffs without legal authority for months. This violation of Plaintiffs' rights resulted from Defendants' failures to adopt policies to prevent the known, persistent, unlawful overdetention of people sentenced to their custody, and from their direct participation in Plaintiffs' wrongful imprisonment. A panel of this Court upheld the District Court's decision that each Defendant is not protected by qualified immunity.[1] Defendants' Petition for en banc rehearing presents the following issues:

1. On interlocutory appeal, Defendants did not challenge the District Court's determination that Plaintiffs' claims are not barred by Heck v. Humphrey, 512 U.S. 477 (1994), as success on their claims would not invalidate their criminal convictions or lawful sentences. Further, Defendants have never argued that Plaintiffs' claims "sound in habeas," and this Court has consistently recognized that a plaintiff may seek damages for false imprisonment pursuant to 42 U.S.C. § 1983. In response to the sua sponte discussion of Heck by the dissent, the Panel concluded that Defendants had forfeited any argument as to Heck, and also that Heck does not bar Plaintiffs' claims. Did the Panel's conclusion that Defendants forfeited a non-jurisdictional defense not raised on appeal, and that Plaintiffs' claims

---

[1] Crittindon v. LeBlanc, 37 F.4th 177 (5th Cir. 2022).

are not barred by <u>Heck</u>, deviate from this Court's prior decisions or create a question of exceptional importance?

2. The Panel's decision is premised on a fact-specific and individualized analysis of qualified immunity as to each Defendant, concluding that each Defendant was on fair notice that failures to adopt policies over which each had control would result in the unlawful detention of prisoners sentenced to their custody, and that Defendants directly participated in Plaintiffs' wrongful imprisonment. Did the Panel's denial of qualified immunity to each Defendant deviate from this Court's prior decisions or create a question of exceptional importance?

# STATEMENT OF THE CASE

## I.     Factual History

### a.  Plaintiffs-Appellees

Plaintiffs were sentenced for felonies under Louisiana law, and "automatically placed in the legal custody of DPSC."[2] Then, each Plaintiff was detained at a parish jail with whom DPSC contracted to hold the Department's prisoners.[3] Defendants' documents, testimony, and sworn assertions show that each Plaintiff was illegally imprisoned for 3 to 5 months.[4]

### b.  Defendants-Appellants

Defendants LeBlanc, Stagg, and Griffin failed to ensure that Plaintiffs were timely released from prison at the completion of their legal sentences; instead Defendants wrongfully imprisoned each Plaintiff for months beyond their undisputed release dates.

DPSC's Pre-Classification Department, directed by Griffin and overseen by Stagg, performs time computations for all DPSC-sentenced prisoners held in parish jails, and issues their release.[5]

---

[2] "DPSC" is the Louisiana Department of Public Safety and Corrections. Original Brief of Defendants-Appellants ("Br.") at 10-11. See also LA. REV. STAT. § 15:824(A); LA. REV. STAT. § 15:566.2.
[3] Crittindon, 37 F.4th at 182.
[4] See Br. at 10.
[5] ROA.5780; ROA.10130-38; ROA.7113.

Through the Basic Jail Guidelines, "designed to assure that the fundamental constitutional rights of [DPSC] offenders housed in local jails would not be jeopardized by such housing arrangements,"[6] DPSC regulates those sheriffs who hold the Department's prisoners and receive compensation from DPSC for doing so.[7] LeBlanc and Stagg were "responsible for determining the content of the Guidelines."[8]

Each Defendant knew from a 2012 study that: (1) over 2,400 DPSC-sentenced prisoners per year were entitled to immediate release;[9] (2) that the prisoners, once released, had been held an average of 71 days beyond their legal release dates;[10] and (3) that DPSC's failure to timely obtain documents used for time computations was a cause of this widespread overdetention.[11] Despite this knowledge, LeBlanc and Stagg failed to adopt policies to ensure that DPSC obtained sentencing documentation promptly and timely computed prisoners' release dates. Further, Stagg and Griffin failed to adopt policies to identify newly-sentenced prisoners needing initial time computation and determination of release dates.

Additionally, Defendants were directly involved in the perpetuation of Plaintiffs' unlawful detention; Defendants knew that DPSC had not computed

---

[6] ROA.7650; Crittindon, 37 F.4th at 182.
[7] See, e.g., ROA.7862-8058. See also Crittindon, 37 F.4th at 182.
[8] Crittindon, 37 F.4th at 182. See also ROA.8184-85.
[9] ROA.9029. See also ROA.7190.
[10] ROA.9030; ROA.9046.
[11] ROA.9033. See also Crittindon, 37 F.4th at 183, 187, 190-91.

release dates for scores of sentenced prisoners held at the same parish jail, yet did not promptly secure these Plaintiffs' release.

## II.    Procedural History

Plaintiffs assert Federal and state law claims based on their overdetention. Only Plaintiffs' Federal constitutional claims are the subject of this appeal:

- LeBlanc and Stagg are liable for failing to adopt policies to ensure timely release of DPSC-sentenced prisoners, including implementation of a timeline to obtain pre-classification paperwork;

- Stagg and Griffin are liable for failing to adopt policies to ensure timely release of DPSC-sentenced prisoners, including implementation of policies to identify sentenced prisoners whose release dates had yet to be computed; and

- Each Defendant is liable for direct participation in Plaintiffs' overdetention, including their failures to affect Plaintiffs' release upon knowing DPSC had not computed release dates for prisoners held at the same parish jail.[12]

Following denial of motions to dismiss and completion of discovery, Defendants moved for summary judgment.[13] The District Court denied their motion, finding Plaintiffs' claims "do not run afoul of Heck's prohibition" and that no Defendant was entitled to qualified immunity.[14] Defendants noticed this appeal.[15]

---

[12] See also Br. at 7-8.
[13] ROA.5747-49; ROA.5750-79.
[14] ROA.10536-88.
[15] ROA.10589-90. Br. at 2 (all issues on appeal only concern denial of qualified immunity).

ARGUMENT

I.   Standard of Review

Federal Rule of Appellate Procedure 35(a) mandates a high bar for en banc rehearing, ordinarily reserving such review for: (1) when "necessary to secure or maintain uniformity of the court's decisions," or (2) where a "question of exceptional importance" is presented.

On appeal from a district court's denial of summary judgment premised on qualified immunity, this Court, like the district court, "must view the facts and draw reasonable inferences in the light most favorable to the plaintiff and ask whether the defendant would be entitled to qualified immunity on those facts."[16]

II.   This Court recognizes that 42 U.S.C. § 1983 is the proper vehicle by which a plaintiff brings a claim for damages on a theory of false imprisonment.

Defendants assert, without citation, that "[t]here can be little doubt" that "Plaintiffs' overdetention claims sound in habeas." Not only is this declaration erroneous,[17] but Defendants have never made it during the previous five years this case has been pending.[18]

---

[16] Crittindon, 37 F.4th at 185, quoting Cole v. Carson, 935 F.3d 444, 452 (5th Cir. 2019). See also Harris v. Clay County, No. 21-60456, 2022 WL 2662099 *1 n.1 (5th Cir. July 11, 2022). Defendants repeatedly ignore this principle in their Petition ("Pet.").

[17] Most obviously, these Plaintiffs, who served their legal sentences before filing suit, do not meet the "in custody" requirement of habeas corpus. See Maleng v. Cook, 490 U.S. 488, 492 (1989).

[18] See, e.g., ROA.169-185, ROA.641-45, ROA.5750-79, ROA.10490-93 (Defendants' filings on motions to dismiss and for summary judgment; no argument that Plaintiffs' claims "sound in habeas"); Br. and Reply Brief of Defendants-Appellants (no challenge to Plaintiffs' claims being cognizable under § 1983). See also Kaswatuka v. U.S. Dept. of Homeland Sec., 7 F.4th 327, 329 (5th Cir. 2021) (regarding waiver of arguments not raised before the district court).

For decades, this Court has reviewed § 1983 damages actions for false imprisonment, including overdetention of lawfully-sentenced prisoners. These cases clearly establish a plaintiff's right to timely release from prison, and have been relied on throughout this litigation:

- Whirl v. Kern, 407 F.2d 781 (5th Cir. 1968) (damages action "for false imprisonment under Texas law and for deprivation of civil rights under 42 U.S.C.A. § 1983," "where the jailer [kept] a prisoner beyond the lawful terms of his sentence");[19]

- Bryan v. Jones, 530 F.2d 1210 (5th Cir. 1976) (en banc) ("damages action based on theory of false imprisonment" brought pursuant to § 1983);

- Douthit v. Jones, 619 F.2d 527 (5th Cir. 1980) (denying qualified immunity to sheriff and deputy sheriff in action "seeking damages for [plaintiff's] allegedly wrongful incarceration by defendants under 42 U.S.C. §§ 1983, 1988 and the Texas common law tort of false imprisonment"); and

- Porter v. Epps, 659 F.3d 440 (5th Cir. 2011) (§ 1983 action "alleging that [plaintiff] was falsely imprisoned for fifteen months beyond the expiration of the sentence imposed upon him by the Mississippi trial court").[20]

As evidenced by this Court's precedent, where plaintiffs (such as these) seek damages for violation of their due process right to timely release from prison, their claims are properly brought under § 1983.

---

[19] See also Harris, No. 21-60456, 2022 WL 2662099 (5th Cir. July 11, 2022) (relying on Whirl in § 1983 action alleging due process violation where plaintiff unlawfully detained for years).

[20] See also Fleming v. Tunica Cty., Miss., 497 Fed.Appx. 381 (5th Cir. 2012); Hicks v. LeBlanc, 832 Fed.Appx. 836 (5th Cir. 2020); Traweek v. LeBlanc, No. 21-30096, 2022 WL 2315444 (5th Cir. June 28, 2022).

III.    <u>The Panel's recognition that a defendant forfeits a defense he failed to advance on interlocutory appeal is consistent with this Court's prior decisions, and is not a question of exceptional importance.</u>

Defendants did not list the district court's denial of their <u>Heck</u> defense in their statement of issues, nor did they refer to <u>Heck</u> a single time in their original or reply briefs, nor otherwise raise the defense on appeal.[21] As the Panel noted, "The Supreme Court recently reminded us that our task is not to come up with arguments the parties should have made, but to decide the ones they make."[22] Specifically, the Panel correctly recognized that appellate courts do not consider non-jurisdictional defenses, such as <u>Heck</u>, that a defendant failed to assert, citing this Court's ruling in <u>Scribner v. Dillard</u>[23] as well as the findings of sister courts of appeal.[24]

Without addressing the Panel's reasoning, Defendants argue that their failure to raise <u>Heck</u> should be excused as it was "not clear" that the defense could be pursued on interlocutory appeal from denial of qualified immunity until <u>Poole v. City of Shreveport</u>[25] was  decided. This argument is unpersuasive.

First, while the panel in <u>Poole</u> noted inconsistencies in this Circuit's case law, it applied the rule of orderliness to conclude that the earlier published decision in

---

[21] Pet. at 8; <u>Crittindon</u>, 37 F.4th at 190.
[22] <u>Crittindon</u>, 37 F.4th at 190 (citing <u>United States v. Sineneng-Smith</u>, 140 S.Ct. 1575, 1579 (2020).
[23] 141 Fed.Appx. 240, 241 n.1 (5th Cir. 2005).
[24] <u>Topa v. Melendez</u>, 739 Fed.Appx. 516 (11th Cir. 2018); <u>Polzin v. Gage</u>, 636 F.3d 834, 838 (7th Cir. 2011).
[25] 13 F.4th 420 (5th Cir. 2021).

Sappington v. Bartee,[26] reviewing Heck on interlocutory appeal from denial of summary judgment, controlled over later unpublished decisions deferring review of Heck determinations until after final judgment.[27]

Second, in Poole, the defendants briefed the denial of summary judgment on both Heck and qualified immunity grounds, and the panel reached each issue in turn. These Defendants, in the same procedural posture as those in Poole, could have raised the Heck defense before this Panel.[28]

IV.   The Panel's determination that Heck does not bar Plaintiffs' claims is consistent with this Court's prior decisions, and is not a question of exceptional importance.

Having concluded that this Court should not reach a non-jurisdictional defense Defendants failed to assert, the Panel, citing prior decisions of the Supreme Court and this Court,[29] found that, "[i]n any event, Heck does not bar this suit," as "the parties agree that Plaintiffs were held in excess of their sentences and Plaintiffs do not challenge their underlying conviction nor the length of their sentence."[30]

---

[26] 195 F.3d 234, 236 (5th Cir. 1999) (per curiam) (citing Wells v. Bonner, 45 F.3d 90, 94-96 (5th Cir. 1995)).

[27] Poole, 13 F.4th at 426.

[28] Moreover, Poole was decided on September 10, 2021. Defendants twice submitted supplemental authority to this Court after that date, but neither mentioned Poole or Heck. See 28(j) letters submitted October 18, 2021 and February 18, 2022.

[29] Quoting Muhammad v. Close, 540 U.S. 749, 751 (2004); Bourne v. Gunnels, 921 F.3d 484, 490-91 n.3 (5th Cir. 2019).

[30] Crittindon, 37 F.4th at 190.

Defendants sidestep <u>Heck</u>'s central holding. <u>Heck</u> only bars § 1983 claims where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[31] Stated conversely, where "the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . ."[32]

Here, Plaintiffs accept the validity of their convictions and sentences, including the subsequent determination, by DPSC and these Defendants, of their lawful release dates.[33] Where Plaintiffs only seek relief from the violations of their rights by Defendants that occurred <u>after</u> these legal sentences had expired and valid release dates had passed, <u>Heck</u>'s bar is inapplicable.[34]

---

[31] <u>Heck</u>, 512 U.S. at 487. "[W]e were careful in <u>Heck</u> to stress the importance of the term 'necessarily.'" <u>Nelson v. Campbell</u>, 541 U.S. 637, 647 (2004). <u>See also</u> <u>Skinner v. Switzer</u>, 562 U.S. 521, 533-34 (2011) (citing <u>Heck</u>).

[32] <u>Heck</u>, 512 U.S. at 487 (emphasis in original). <u>See also</u> <u>Hanna v. Maxwell</u>, 548 Fed.Appx. 192, 196 (5th Cir. 2013); <u>Humphries v. Various Fed. USINS Emps.</u>, 164 F.3d 936, 945-46 (5th Cir. 1999).

[33] <u>Muhammad</u>, 540 U.S. at 751 ("[T]he incarceration that matters under <u>Heck</u> is the incarceration ordered by the original judgment of conviction . . . ."); <u>Bourne</u>, 921 F.3d at 490. ROA.7048-71 (Defendants' admissions of lawful release dates for each Plaintiff).

[34] Determining whether a claim is "barred by <u>Heck</u> is 'analytical and fact-intensive' and requires the court to consider the specifics of the individual claim." <u>Smith v. Hood</u>, 900 F.3d 180, 185 (5th Cir. 2018) (quoting <u>Bush v. Strain</u>, 513 F.3d 492, 497 (5th Cir. 2008)). Courts consider if the "factual basis for the conviction is temporally and conceptually distinct" from the § 1983 challenge. <u>Bush</u>, 513 at 498. In particular, courts ask "whether the claims are 'necessarily inconsistent' with the conviction, or whether they can 'coexist' with the conviction or sentence without 'calling [it] into question.'" <u>Smith</u>, 900 F.3d at 185 (quoting <u>Ballard v. Burton</u>, 444 F.3d 391, 400-01 (5th Cir. 2006)).

The cases cited by Defendants are distinguishable because they involved challenges to how long the plaintiff <u>legally</u> should have been held in custody.[35] In <u>Preiser v. Rodriguez</u>,[36] a pre-<u>Heck</u> case, state prisoners sought restoration of good-time credits that would have resulted in immediate release or shortening of their maximum sentences. Similarly, in <u>Edwards v. Balisok</u>,[37] a state prisoner challenged his loss of good-time credit in disciplinary proceedings; because success on the claim would necessarily imply the invalidity of the punishment imposed, the Supreme Court determined the suit was not cognizable under § 1983. And in <u>Randell v. Johnson</u>,[38] where the plaintiff challenged the department of corrections' failure to credit him for time served, and in <u>Colvin v. LeBlanc</u>,[39] where a state prisoner otherwise challenged the calculation of his release date, this Court likewise found the lawsuits to be barred.[40]

By contrast, these Plaintiffs do not dispute the length of their sentences nor challenge their calculated release dates. Defendants concede that each Plaintiff was detained without legal authority after the completion of his lawful sentence.[41]

---

[35] Pet. at 5-8.

[36] 411 U.S. 475 (1973).

[37] 520 U.S. 641 (1997).

[38] 227 F.3d 300 (5th Cir. 2000).

[39] 2 F.4th 494 (5th Cir. 2021).

[40] As discussed below, <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005), supports the Panel's finding that <u>Heck</u> does not bar Plaintiffs' claims. And <u>Nance v. Ward</u>, 142 S.Ct. 2214 (2022), reaffirmed that a death-sentenced prisoner's challenge to a state's planned method-of-execution is cognizable under § 1983 and need not be brought in habeas.

[41] <u>See</u>, <u>supra</u>, n.33.

Plaintiffs can seek relief for this period of <u>unauthorized</u> detention without calling into question the validity of their underlying convictions or sentences. And where, as here, the § 1983 suit does not challenge the calculation of time to be served on the underlying conviction, <u>Heck</u> does not apply.

The Panel's determination that Plaintiffs' claims are not barred by <u>Heck</u> is consistent with the precedent of the Supreme Court and this Court. <u>Muhammad v. Close</u>[42] involved a prisoner's § 1983 suit seeking damages that did not challenge his disciplinary conviction. Finding the challenge could not "be construed as seeking a judgment at odds with [the plaintiff's] conviction or with the State's calculation of time to be served in accordance with the underlying sentence," the Supreme Court reversed the judgment of the court of appeals that the case was <u>Heck</u>-barred. The following year, in <u>Wilkinson v. Dotson</u>,[43] the Supreme Court found that prisoners' challenge to their state's parole procedures could proceed as a § 1983 action, where success would neither order their immediate or speedier release, nor "necessarily imply the invalidity of their convictions or sentences." And more recently, in <u>Magee v. Reed</u>,[44] this Court held that success on a § 1983 false imprisonment claim did not call into question the validity of the underlying conviction, where the plaintiff

---

[42] 540 U.S. 749, 754-55 (2004); <u>Crittindon</u>, 37 F.4th at 190.
[43] 544 U.S. 74, 81-82 (2005) ("<u>Balisok</u>, like <u>Wolff [v. McDonnell</u>, 418 U.S. 539 (1974)], demonstrates that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.").
[44] 912 F.3d 820, 821-23 (5th Cir. 2019).

challenged that his detention without bail before his guilty plea was in violation of the state constitution.

Here, Plaintiffs rely on their court-ordered and DPSC-calculated sentences, and seek damages for Defendants' failure to affect their release after expiration of this legal authority for their detention. The Panel's finding that <u>Heck</u> does not bar Plaintiffs' claims does not conflict with this Court's prior decisions, nor does it raise a question of exceptional importance requiring en banc consideration.

V.  <u>The Panel's denial of qualified immunity to each Defendant is consistent with this Court's prior decisions, and is not a question of exceptional importance.</u>

Defendants misrepresent the Panel's rationale for affirming the District Court's denial of immunity, claiming (without citation) that it holds "a state official can be liable for failure to force an independently elected parish official to adopt and follow a policy."[45]

The Panel did no such thing. Rather, adhering to the two-prong qualified immunity test,[46] it held that "[t]his Court has recognized the 'clearly established right to timely release from prison,'"[47] and that "holding without legal notice a prisoner for a month beyond the expiration of his sentence constitutes a denial of due

---

[45] Pet. at 11.

[46] Asking, first, whether the officer's alleged conduct violated a federal right and, second, whether that right was clearly established at the time of the alleged violation. <u>Crittindon</u>, 37 F.4th at 185-86, citing <u>Cole</u>, 935 F.3d at 452.

[47] <u>Crittindon</u>, 37 F.4th at 188, quoting <u>Porter</u>, 659 F.3d at 445.

process."[48] These principles date back to 1968,[49] and Defendants have expressly conceded their existence and applicability.[50]

That left the Panel to "turn to whether a reasonable factfinder could find that Defendants' conduct was objectively unreasonable in light of [that] clearly established law."[51] Tailoring that fact-specific analysis to the two sets of Plaintiffs' claims against Defendants, the Panel held that Plaintiffs submitted sufficient proof that Defendants knew or should have known that, without changes of policy, state-sentenced prisoners like Plaintiffs would be overdetained.[52] It then held that Plaintiffs submitted sufficient proof that Stagg and Griffin directly participated in the violation of two Plaintiffs' rights.[53]

Defendants' attacks on these holdings are meritless. They first criticize the Panel's discussion of the objective reasonableness prong of Plaintiffs' failure-to-adopt-policy claims by citing to cases regarding the specificity required in describing clearly established federal law – a separate aspect of the overall analysis.[54]

LeBlanc and Stagg dispute that their failure to establish a timeline by which DPSC obtained pre-classification documents caused the overdetention of the

---

[48] Crittindon, 37 F.4th at 188, citing Douthit, 619 F.2d at 532.
[49] Whirl, 407 F.2d at 792.
[50] Br. at 22, 27.
[51] Crittindon, 37 F.4th at 188.
[52] Id.; id. at 190-92.
[53] Id. at 188-90.
[54] Pet. at 11-12.

Plaintiffs, claiming it "was not 'obvious' that adopting a policy urging the Sheriffs to comply with the law would have mattered."[55] However, as the Panel noted, non-adherence to the Guidelines is grounds for removal of DPSC prisoners from a parish jail, a potent financial incentive for compliance.[56] Moreover, Defendants' position ignores their own testimony: both LeBlanc and Stagg acknowledged that the Guidelines could and should have included a timeline by which DPSC obtained the pre-classification paperwork.[57]

Separately, Stagg and Griffin failed to establish systems to identify DPSC prisoners whose release dates had yet to be computed.[58] On appeal, the Defendants argued it was "not necessary to examine" these particular failures to adopt policy.[59] Now they erroneously complain that the Panel did not do so itself.[60]

The Panel correctly determined that factual disputes precluded summary judgment on the failure-to-adopt-policy claims. In so doing, contrary to Defendants' assertion,[61] it described the specific responsibility and failing of each Defendant.[62]

---

[55] Pet. at 13.
[56] Crittindon, 37 F.4th at 182.
[57] ROA.7784, ROA.10561 (LeBlanc); ROA.8112 (Stagg).
[58] ROA.10565.
[59] Br. at 40.
[60] But see Crittindon, 37 F.4th at 187.
[61] Pet. at 13-14.
[62] Crittindon, 37 F.4th at 187-88. Contrary to Defendants' characterization, the liability of defendants in each pending case of overdetention will require fact-specific inquiries and determinations. See Pet. at iv n.1, 17-18.

Defendants' own testimony contradicts their challenge to Plaintiffs' direct participation claims.[63] Stagg acknowledged that the email he received on November 21, 2016 (and forwarded to Griffin, documenting a call from Crittindon's mother) "started the process of going and trying to figure out" why Crittindon's release date had not been computed in the three months since he was sentenced.[64] Likewise, Stagg admitted that the November 22, 2016 call from Burse's mother was sufficient to "get the process started of trying to contact Orleans and say, hey, does this guy really exist; is this a guy; did he get a DOC sentence; if he did, where's his paperwork."[65] The Panel correctly concluded that "viewing the evidence in the light most favorable to the Plaintiffs, neither Griffin nor Stagg acted promptly in responding to the overdetention of Plaintiffs Crittindon and Burse."[66]

---

[63] Pet. at 15 ("[n]othing about the calls made a risk of overdetention known or obvious to Griffin or Stagg").

[64] ROA.8143-45; ROA.9252-53.

[65] ROA.8151. ROA.9244-47. In Ball v. LeBlanc, 792 F.3d 584, 595 (5th Cir. 2015), and Valentine v. Collier, 993 F.3d 270, 287 (5th Cir. 2021), this Court assessed whether officials had the subjective knowledge of a substantial risk of serious harm necessary to prove an Eighth Amendment violation, a different standard than applicable on these Plaintiffs' due process claims.

[66] Crittindon, 37 F.4th at 189. Crittindon and Burse were not released from custody until mid-January 2017. ROA.7048-49. Stagg and Griffin's indifference resulted in almost two months of unlawful detention. See Douthit, 619 F.2d at 532 ("[d]etention of a prisoner thirty days beyond the expiration of his sentence . . . constitutes a deprivation of due process").

## CONCLUSION

Defendants do not advance any argument that meets the high bar for en banc rehearing under Rule 35(a). The Panel opinion conforms with precedent of the Supreme Court and this Court in finding that: Plaintiffs' claims are cognizable under § 1983; Defendants forfeited a non-jurisdictional defense they failed to advance; if considering the merits, Heck does not bar Plaintiffs' claims; and each Defendant is not entitled to qualified immunity.

Respectfully submitted,

*/s/ Emily Washington*
EMILY WASHINGTON
JAMES CRAIG
Roderick & Solange MacArthur Justice Center
4000 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Facsimile: (504) 208-3133

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on July 15, 2022 using the Court's CM/ECF system which will provide notice of electronic filing to all counsel of record. I further certify that to the best of counsel's knowledge, information, and belief, all parties to this appeal are represented by CM/ECF participants.

*/s/Emily Washington*
EMILY WASHINGTON

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 35(e) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3880 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font with 14-point typeface.

*/s/Emily Washington*                    July 15, 2022
EMILY WASHINGTON
*Counsel for Plaintiffs-Appellees*

18